**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____

Case number (*If known*): _____ Chapter 15

☐ Check if this is an amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding   12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

1. **Debtor's name**   _____

2. **Debtor's unique identifier**

   **For non-individual debtors:**

   ☐ Federal Employer Identification Number (EIN)   ___ ___ – ___ ___ ___ ___ ___ ___ ___

   ☐ Other _____ . Describe identifier _____ .

   **For individual debtors:**

   ☐ Social Security number:   xxx – xx– ____ ____ ____ ____

   ☐ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____

   ☐ Other _____ . Describe identifier _____ .

3. **Name of foreign representative(s)**   _____

4. **Foreign proceeding in which appointment of the foreign representative(s) occurred**   _____

5. **Nature of the foreign proceeding**

   *Check one:*

   ☐ Foreign main proceeding
   ☐ Foreign nonmain proceeding
   ☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

6. **Evidence of the foreign proceeding**

   ☐ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

   ☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

   ☐ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

   _____
   _____

7. **Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

   ☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)
   ☐ Yes

Case: 17-30008   Doc# 1   Filed: 01/03/17   Entered: 01/03/17 16:03:30   Page 1 of 34

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i) all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii) all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

**Country where the debtor has the center of its main interests:**

_____

**Debtor's registered office:**

_____
Number          Street

_____
P.O. Box

_____
City          State/Province/Region          ZIP/Postal Code

_____
Country

**Individual debtor's habitual residence:**

_____
Number          Street

_____
P.O. Box

_____
City          State/Province/Region          ZIP/Postal Code

_____
Country

**Address of foreign representative(s):**

_____
Number          Street

_____
P.O. Box

_____
City          State/Province/Region          ZIP/Postal Code

_____
Country

**10. Debtor's website** (URL)

_____

**11. Type of debtor**

*Check one:*

❏ Non-individual (*check one*):

  ❏ Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

  ❏ Partnership

  ❏ Other.  Specify: _____

❏ Individual

Case 17-30008     Doc# 1     Filed 01/03/17     Entered 01/03/17 16:03:30     Page 2 of 34

**12. Why is venue proper in *this district*?**

Check one:

❑ Debtor's principal place of business or principal assets in the United States are in this district.

❑ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____.

❑ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✖ _____        _____
Signature of foreign representative                    Printed name

Executed on _____
MM  / DD / YYYY

✖ _____        _____
Signature of foreign representative                    Printed name

Executed on _____
MM  / DD / YYYY

**14. Signature of attorney**

✖ _____  Date  _____
Signature of Attorney for foreign representative          MM   / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number        Street

_____
City                                                State        ZIP Code

_____
Contact phone                                      Email address

_____
Bar number                                         State

Case 17-30008   Doc# 1   Filed 01/03/17   Entered 01/03/17 16:03:30   Page 3 of 34

Leib M. Lerner (CA State Bar No. 227323)
Jeffrey E. Tsai (CA State Bar No. 226081)
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone: (650) 838-2000
leib.lerner@alston.com
jeff.tsai@alston.com

**AND**

Aaron Javian (*Pro hac vice* to be requested)
Adam S. Lurie (*Pro hac vice* to be requested)
**LINKLATERS LLP**
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 424-9000
aaron.javian@linklaters.com
adam.lurie@linklaters.com

Attorneys for the Petitioner

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: |
| Forge Group Power Pty Ltd. (in liquidation) (receivers and managers appointed), | Chapter 15 |
| Debtor in a Foreign Proceeding | **VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF** |

Case: 17-30008   Doc# 1   Filed: 01/03/17   Entered: 01/03/17 16:03:30   Page 4 of 34

Mr. Martin Jones, in his capacity as liquidator (the "**Liquidator**" or the "**Petitioner**") and foreign representative of Forge Group Power Pty Ltd. (in liquidation) (receivers and managers appointed) ("**Forge Power**" or the "**Debtor**") files this verified petition pursuant to chapter 15 of title 11 of the United States Code (the "**Bankruptcy Code**") seeking recognition of a foreign main proceeding and related relief (the "**Verified Petition**").

In support hereof, the Petitioner respectfully submits the following: (i) the Declaration of Martin Jones in support of (I) Verified Petition Under Chapter 15 for Recognition of Foreign Proceeding and Related Relief, and (II) Foreign Representative's Emergency Motion for Entry of Provisional Relief Under 11 U.S.C. §§ 105, 1519 and 1521 in Aid of Australian Foreign Proceeding (the "**Jones Declaration**"); (ii) the Declaration of Przemslaw Kucharski as to Matters of Australian Law in support of (I) Verified Petition Under Chapter 15 for Recognition of Foreign Proceeding and Related Relief, and (II) Foreign Representative's Emergency Motion for Entry of Provisional Relief Under 11 U.S.C. §§ 105, 1519 and 1521 in Aid of Australian Foreign Proceeding (the "**Kucharski Declaration**"); and (iii) the Memorandum of Law in Support of the Verified Petition Under Chapter 15 of the Bankruptcy Code for Recognition of an Australian Liquidation Proceeding, and Related Relief (the "**Memorandum of Law**"). In further support hereof, the Petitioner respectfully represents as follows:

## PRELIMINARY STATEMENT

The Debtor is an Australian company that has been subject to an insolvency proceeding in Australia since February 2014. Indeed, at all times, the Debtor's principal place of business, assets and "nerve center" have been located in Australia. The Petitioner, in conjunction with the receivers and managers of the Debtor, is authorized under Australian law to administer the assets and affairs of the Debtor's estate. In similar and other circumstances, U.S. federal courts in several districts, including this one, have recognized, and afforded comity to, Australian voluntary

2

Case: 17-30008   Doc# 1   Filed: 01/03/17   Entered: 01/03/17 16:03:30   Page 5 of 34

liquidation proceedings. Recognition of this Australian Proceeding is likewise appropriate and not contrary to public policy. Accordingly, this Court should find that the Debtor's voluntary liquidation (the **Australian Proceeding**") is a "foreign main proceeding" and the Liquidator is a "foreign representative" under the Bankruptcy Code.

Now, the Petitioner seeks chapter 15 recognition of the Australian Proceeding, and the entry of related provisional relief, to prevent creditors from continuing litigation efforts in the United States designed to frustrate the Australian Proceeding contrary to principles of comity and international standards of fair play and justice. Absent chapter 15 relief and the grant of provisional relief, individual unsecured creditors of the Debtor, who have commenced litigation in the United States with respect to the very same transactions and occurrences that their affiliates are litigating in Australia, stand to improperly "jump ahead" of other secured and unsecured creditors in violation of Australian law. These actions offend the very notion of chapter 15, which, among other things, is intended to facilitate the centralization of disputes in cross-border insolvency cases before the courts sitting in the jurisdiction of a debtor's center of main interests. The Debtor's property interest under Australian law in assets located in Australia is a core issue to the Australian Proceeding. Chapter 15 was enacted precisely to prevent aggrieved creditors from pursuing a worldwide race to the courthouse against international debtors and their property.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 157, 1334, and sections 109 and 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(P). Venue is proper in this District because, pursuant to 28 U.S.C. section 1410, the principal U.S. assets of Forge Power, comprising a retainer fee paid to its U.S. counsel in San Francisco, California, are located in this District.

3

**A.** **Corporate Background**

      **1.** **The Debtor and its Corporate Group**

      2.     The Debtor is a wholly owned subsidiary of Forge Group Limited ("**FGL**"). FGL, together with 36 of its subsidiaries (the "**Forge Group**"), evolved from a small construction business in the 1990s to a publicly listed, consolidated group in 2007, which had developed a significant market presence in the engineering, procurement and construction of mining and oil and gas projects, and asset management, through several acquisitions in the seven (7) years prior to the commencement of voluntary administration proceedings. As of June 2013, FGL had a market capitalization of approximately $356 million.[1]

      3.     The Forge Group had four key divisions: power, construction, asset management and minerals and resources. It had operations in Australia, New Zealand, North America, Asia and Africa. As of February 11, 2014 (the "**Administration Date**"), the Forge Group employed over 1,600 employees across Australia and over 2,000 employees worldwide.

      4.     The Debtor is registered and incorporated in Australia. Its registered office is located at Ferrier Hodgson, Level 28, 108 St Georges Terrace, Perth, Western Australia, 6000. At the Administration Date, its principal place of business was located at 28 Troode Street, West Perth, Western Australia, 6005. The Debtor, formerly known as CTEC Pty Ltd., was acquired by FGL in 2012. It provided turnkey engineering, procurement and construction power generation solutions to clients in the resources, oil & gas and infrastructure sectors.

      5.     The Debtor conducted its business almost exclusively in Australia, including all of its principal corporate, management, banking and strategic functions. As of the Administration Date,

---

[1]     Unless specified otherwise, all monetary amounts referred to herein are expressed in Australian dollars.

VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF

the Debtor employed 102 staff, all in Australia.  At all times since the Administration Date, administrators, liquidators and receivers residing in Australia have been responsible for managing the Debtor's assets and affairs, including the Debtor's realization and liquidation of assets, in accordance with their roles and responsibilities under Australian law.  The Debtor's books and records are located in Australia.  The vast majority of the Debtor's known creditors are also located in Australia, and the vast majority of the Debtor's contractual relationships are governed under Australian law.

### 2.    The Debtor's Contacts with the U.S.

6.    To the best of the Petitioner's knowledge, the Debtor did not conduct business in the United States and had limited, if any, connections with the United States.[2]  The Debtor owns funds in an undrawn retainer with Alston & Bird LLP, the Debtor's California counsel in connection to this chapter 15 case, which is being held in an interest-bearing client trust account with Wells Fargo Bank N.A. in San Francisco, California (the "**Client Trust Account**").  Pursuant to the terms of an engagement letter between the Debtor and Alston & Bird LLP dated December 29, 2016, the Debtor deposited US$100,000 in the Client Trust Account on December 30, 2016, and such funds remain in the account, less any applicable bank fees, as of the date hereof.  The Debtor is the beneficiary of all interest that accrues on the funds in the Client Trust Account.  The Client Trust Account is the Debtor's principal asset in the United States.  Upon information and belief, other than the Client Trust Account, the Debtor does not have any property located in the United States.[3]

---

[2]    In July 2013, the Forge Group acquired U.S. operations when it purchased a private North American-based engineering, procurement and construction ("**EPC**") and asset management company, Taggart Global LLC. Forge International Pty Ltd (in liquidation) (receivers and managers appointed) ("**FIPL**"), a wholly owned subsidiary of FGL and a sister company of the Debtor, was the parent company of the Forge Group's U.S. operations. FIPL sold its equity stake in the Forge Group's U.S. business in 2014.  At present, none of the companies in the Forge Group subject to insolvency proceedings in Australia have significant, if any, connections to the U.S.

[3]    The Debtor is a beneficiary of an Irrevocable Standby Letter of Credit (the "**LOC**") in the amount of US$44,000,000 issued by Bank of America, N.A. from its branch at 555 California Street, San Francisco, CA,

VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF

### 3. The Forge Group's Debt

7.     On or about July 2, 2013, Australia and New Zealand Banking Group Limited ("**ANZ**") became the Forge Group's principal financier.  On or about the same date, certain companies within the Forge Group, including the Debtor, entered into finance documents including:

(a)     a Facility Agreement between ANZ as lender and various Forge Group companies, including the Debtor as borrowers ("**Facility Agreement**");

(b)     a General Security Agreement between the Australian borrowers under the Facility Agreement and other Australian members of the Forge Group as grantors and ANZ Fiduciary Services Pty Ltd ("**Security Trustee**") as trustee holding the benefit of the security provided for under the General Security Agreement for ANZ and other lenders to the Forge Group from time to time;

(c)     other security agreements relating to offshore assets between Australian and offshore entities in the Forge Group and the Security Trustee;

(d)     a Security Trust Deed between ANZ as beneficiary and mandated lead manager, the Security Trustee and all of the initial security providers under the documents in (b) and (c) above ("**Security Trust Deed**"); and

(e)     a Common Terms Deed between each of the parties to the Security Trust Deed ("**Common Terms Deed**").

8.     Subsequently, on or about January 13, 2014, by deed polls, QBE Insurance

United States (the "**San Francisco Branch**"), to Bank of America, N.A., Sydney, Governor Phillip Tower, 1 Farrer Place, Sydney 2000, Australia (the "**Sydney Branch**"), on letterhead of the Sydney Branch, and payable to the Debtor in Australia upon presentation of required documentation to the Sydney Branch.  The LOC was issued pursuant to the IAD (defined below), which is governed under Australian law. The Petitioner believes the LOC is properly located in Australia. If, contrary to the Petitioner's belief, the LOC is determined to be located in the United States, the LOC establishes a further basis for venue in this District.

6

VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF

(Australia) Ltd ("**QBE**") and Assetinsure Pty Ltd (as agent for Swiss RE International SE) ("**Assetinsure**") became beneficiaries under the Security Trust Deed and parties to the Common Terms Deed.

9.　　As of the Administration Date, ANZ, QBE and Assetinsure (together, the "**Club Banks**"), by virtue of the security under the arrangements above, held the benefit of first-ranking security over effectively all of the Forge Group's assets and undertakings with the exception of joint venture shareholdings, securing debt of approximately $249 million (the "**Secured Bank Loans**").

10.　　The Forge Group also maintained equipment finance facilities with approximately 13 financiers with an exposure of approximately $22 million and had issued insurance-backed or bank-backed guarantee facilities in favor of clients with a value of approximately $475 million.

**4.　　Reasons for Forge Group's Financial Distress**

11.　　A combination of several factors contributed to Forge Group's economic distress and ultimate insolvency. Weakening commodity prices, reduced demand from China and a peak in supply volumes during the 18 – 24 month period before the Administration Date precipitated an industry-wide reduction in capital expenditures for the type of large scale mining and construction projects that were core to the Forge Group's business. The market downturn in the mining industry coincided with the Forge Group bearing higher than expected costs in connection with several unfinished construction projects. At the same time, the Forge Group had relied on raising debt capital to finance several strategic acquisitions. The increase in Forge Group's operational cost base, market headwinds in the commodity sector and its leveraged capital structure strained Forge Group's balance sheet.

12.　　In its 2013 annual report, the Forge Group reported revenue of over $1.1 billion and net profit after tax of approximately $63 million. In the period to January 31, 2014 the Forge Group's management accounts recorded a deterioration in its financial position such that it sustained

7

a net loss after tax of approximately $326 million. In this environment, the Forge Group was unable to gain sufficient traction on proposed restructuring initiatives to reduce cost and improve liquidity of the business, prompting the directors of Forge Group companies to commence voluntary insolvency proceedings.

**B.      Overview of Australian Insolvency Law**

13.      Australian law is very similar to English common law rules of equity.   In Australia, the formation, operation and dissolution of companies is primarily regulated by the Australian Corporations Act 2001 (the "**Corporations Act**").  The Corporations Act provides for five principal, formal insolvency procedures, including, among others, liquidation, applicable to companies registered in Australia.  Kucharski Declaration ¶¶ 6-8.

**1.      Liquidation**

14.      Liquidation (*i.e.*, "winding up") is the process of collecting and realizing the assets of a company, discharging its debts and liabilities and distributing the balance, if any, among the stakeholders according to their entitlements or as the constitution of the company directs. Liquidation may be voluntary or imposed by court order.  A voluntary liquidation is initiated by (i) a company's members rather than the court, or (ii) a resolution of creditors at the conclusion of a voluntary administration process.  A liquidator's functions, among other things, include (a) winding-up the affairs of the company; (b) distributing the company's assets equitably among its creditors; and (c) examining the circumstances which precipitated the liquidation which may reveal improper dispositions of property and criminal offenses.  *Id.* ¶¶ 18-19, 22.

15.      After collecting the assets and after the time fixed for the adjudication of claims, a liquidator can make distributions to creditors.  *Id.* ¶ 27.  With respect to an insolvent company, there is a prescribed order of payment of unsecured debts.  *Id.*  In general, the starting point is that, unless otherwise provided in the Corporations Act, all debts proved in a winding-up rank equally and, if the

8

property of the company is insufficient to meet them in full, they are to be paid ratably. *Id.*

16. Subject to the effect of a receivership described below, the commencement of a voluntary liquidation imposes a moratorium on creditor action, including the commencement or continuation of court proceedings against the company or enforcement against the company's property. *Id.* ¶ 14. Numerous provisions of the Corporations Act confer jurisdiction both on the Federal Court and the Supreme Court of each of the states and territories of Australia to effect a general supervisory oversight in relation to the voluntary winding up. *Id.* ¶ 21. This judicial oversight can be invoked by interested persons, including a creditor, the Australian Securities and Investments Commission ("**ASIC**"), which is the corporate regulator in Australia, and, indeed, any "person aggrieved by any act, omission or decision of the liquidator." *Id.*

**2. Receivership**

17. The primary role of a receiver is to protect and recover property for the benefit of the secured creditors who appointed the receiver and return any surplus to the company. *Id.* ¶ 36. Under Australian law, administration or liquidation and receivership proceedings may work in tandem, each with defined rights and responsibilities. *Id.* ¶ 45. Generally, the receivers will manage and determine all issues relating to the assets and property of the debtors, while the liquidators will handle the claims of creditors and are responsible for the liquidation process to be carried out in accordance with the Corporations Act. *Id.* ¶ 55. At the conclusion of a receivership, the company will continue to exist, and control of all the property of the company will be returned to the liquidator or other remaining office holder of the company. *Id.* ¶ 41.

18. Receivers appointed by a security holder having a security interest over all or substantially all of a company's assets within 13 business days of the commencement of an administration or liquidation are empowered to deal with a company's property, notwithstanding the moratorium that arises upon the commencement of such proceedings and provisions of the

VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF

Corporations Act that otherwise vest authority to deal with the company's property in appointed liquidators or administrators. *Id.* ¶ 37. Much like liquidations, the Australian court has general supervisory jurisdiction over a receivership, which may be invoked by interested persons, including creditors, the receiver or ASIC. *Id.* ¶ 42.

**C.    The Debtor's Australian Insolvency Proceedings**

**1.    Liquidation**

19.    On February 11, 2014, the directors of the Forge Group companies, including the Debtor, conducted meetings and entered resolutions (collectively, the "**Board Resolutions**") concluding that (i) each of the companies of the Forge Group in Australia was or was likely to become insolvent and (ii) that each of the companies in the Forge Group should enter administration. On the same date, in accordance with the Board Resolutions, each of the companies of the Forge Group in Australia commenced a voluntary administration proceeding (the "**Voluntary Administration**") by appointing Martin Jones, Andrew Saker and Ben Jonson as joint and several voluntary administrators (the "**Administrators**") pursuant to section 436A of the Corporations Act. The commencement of the Voluntary Administration resulted in an automatic moratorium on the rights of creditors of the Forge Group to, among other things, commence or continue suits against these companies and their respective properties.

20.    On March 18, 2014 (the "**Liquidation Date**"), the creditors of each of the Forge Group companies subject to Voluntary Administration resolved (each, a "**Creditors' Resolution**") that each company should be wound up and immediately placed into liquidation.[4] By virtue of the Creditors' Resolution, and pursuant to the Corporations Act, each of the Administrators was

---

[4]    In addition to the Debtor, the following members of the Forge Group are subject to voluntary liquidation proceedings in Australia: FGL, Alanthus Nominees Pty Ltd, Energy Maintenance Partners Pty Ltd, Forge Group Asset Management Pty Ltd, Forge Group Construction Pty Ltd, Forge Group Minerals & Resources Ltd, FIPL, Cimeco Pty Ltd and Abesque Engineering Pty Ltd.

10

appointed as a joint and several liquidator of the Debtor and the Debtor's voluntary liquidation proceeding (the "**Australian Proceeding**") commenced under Australian law. Currently, the Liquidator is the sole acting liquidator with respect to the Debtor.[5]

### 2. Receivership

21.     The Forge Group's operations were funded in part by the Secured Bank Loans.  The loans are secured by substantially all of the assets of the Forge Group.  The commencement of the Voluntary Administration triggered an event of default under the loan documents evidencing the Secured Bank Loans, giving the Club Banks the right to instruct the Security Trustee to appoint a receiver.

22.     On February 11, 2014, following the commencement of the Voluntary Administration, the Security Trustee, acting on behalf of the Club Banks, appointed Mark Mentha and Scott Langdon of KordaMentha as joint and several receivers and managers (the "**Receivers**") of the Debtor and certain other members of the Forge Group.[6]  The Receivers have been empowered to deal with the assets and affairs of the Debtor since their appointment in accordance with their powers under Australian law and the Secured Bank Loans.

### 3. Current Status of Forge Group's Insolvency

23.     Work undertaken by the Petitioner in connection with the pending insolvency proceedings involving Forge Group members includes:

- Investigating and assessing the merits of pursuing various causes of action for the benefit of creditors;

---

[5]     Messrs. Saker and Johnson resigned as liquidators of the Debtor on June 13, 2014, and December 10, 2015, respectively.

[6]     In addition to the Debtor, the following members of the Forge Group are subject to receivership proceedings in Australia: FGL, Forge Group Asset Management Pty Ltd, Forge Group Construction Pty Ltd, Forge Group Minerals & Resources Ltd and FIPL.

11

Case: 17-30008    Doc# 1    Filed: 01/03/17    Entered: 01/03/17 16:03:30    Page 14 of 34

- Entering into litigation funding with litigation finance providers with regard to potential insider trading claims;

- Assisting the Receivers with disputes in relation to retention of title claims and secured parties on the Personal Property Securities Register;

- Commencing a public examinations process against individuals at Samsung C&T Corporation in connection with calling bonds in the amount of $111 million;

- Reporting and verifying employee claims in connection with applicable Australian employment law; and

- Ongoing compliance with all statutory requirements, including with respect to notice and reporting.

24.     As described in more detail below, the Debtor has litigated a dispute in the Australian courts arising under Australian law regarding its property interest in certain turbines leased to it by General Electric International, Inc. ("**General Electric**") pursuant to a Lease Agreement (defined below) prior to the Administration Date.

**D.     The Debtor's Litigation Regarding Property of its Estate**

**1.     The Turbines**

25.     On January 23, 2013, Forge Power entered into a Design Build Operate and Maintain Contract with Horizon Power, a state-owned public utility in Western Australia ("**Horizon Power**"), under which Forge Power was to design the power station and supply, construct, test and commission all equipment installed.  On March 5, 2013, Forge Power entered into an agreement with General Electric, under which Forge Power agreed to lease four model TM 2500+ mobile gas turbine generator sets (the "**Lease Agreement**" and the "**Turbines**").  In or around October 2013, through a series of transactions, General Electric assigned the Lease Agreement to Power Rental Op

12

Co Australia, LLC ("**APR OpCo**") and the Turbines to Power Rental Asset Co. Two, LLC ("**APR AssetCo**") and APR Energy Holdings Limited ("**APR**") acquired, directly or indirectly, these two companies (collectively, the **"APR Parties"**), together with their interests in the Turbines and the Lease Agreement. Accordingly, and following these transactions, APR AssetCo became the owner of the Turbines, and APR OpCo received the rental payments for the Turbines.

26. When Forge Power was placed in Voluntary Administration in February 2014, the Turbines were located on Horizon Power's land in Port Hedland, Australia.

**2.    The Florida Proceedings and the Interim Arrangement Deed**

27. On April 16, 2014, APR OpCo and APR AssetCo, among other parties, filed a lawsuit against Forge Power and certain other named defendants in the United States District Court for the Middle District of Florida (the "**Florida Proceedings**"), alleging, among other things, that the Voluntary Administration was an event of default under the Lease Agreement and seeking to recover the Turbines.

28. On July 22, 2014, Forge Power, APR AssetCo, and APR OpCo, entered into a settlement agreement (the "**Interim Arrangement Deed**" or "**IAD**") resolving the manner in which the parties' dispute regarding the Turbines would be decided. Under the IAD, the parties agreed that the question of who had the better proprietary claim to the Turbines would be determined by a court in Australia. *See* IAD at Clause 7. In turn, the APR Parties agreed to discontinue the Florida Proceedings and to "not bring or pursue, nor procure that any third party bring or pursue, any Claim against Forge [Power]. . . in any jurisdiction in respect of any matter the subject of or relating to the allegations in the [Florida Proceeding]." *Id.* at Clauses 3-4. APR OpCo and APR AssetCo also agreed to provide a standby letter of credit to Forge Power, with the understanding that Forge Power would only call on the LOC if it succeeded in the Australian Proceeding. *See id.* at Clauses 2.a(a)(ii); 10. Significantly, Forge Power agreed to permit the APR Parties to re-lease the Turbines.

### 3. The Australian PPSA Litigation

29.     The Australian Personal Property Securities Act 2009 (the "**PPSA**") establishes a register which is intended to give notice to creditors and other parties of a secured party's property interests in personal property in another's possession. Under the PPSA, a holder of a non-possessory property interest may register a financing statement in the public records in order to perfect its interest and preserve its rights in the event the party with a possessory interest commences an insolvency proceeding. Notwithstanding this unambiguous requirement in the PPSA, none of the APR Parties filed such a statement prior to the Administration Date.

30.     On August 1, 2014, consistent with the IAD, the Receivers brought an action on behalf of Forge Power against APR OpCo, APR AssetCo, and General Electric, in the Supreme Court of New South Wales, Australia, with proceeding number 226778 of 2014 (the "**Australian PPSA Litigation**"). The Australian PPSA Litigation concerns whether Forge Power or APR OpCo/APR AssetCo had superior title to the Turbines under Australian law. Notice was properly given to all parties to the Australian PPSA Litigation.

31.     On February 11, 2016, the Supreme Court of New South Wales issued a decision (the "**First Instance Decision**") that, under the PPSA, APR AssetCo's unperfected security interest vested in Forge Power immediately prior to the appointment of voluntary administrators of Forge Power on February 11, 2014. The effect of the First Instance Decision renders APR AssetCo a general unsecured creditor of the Debtor in the Australian Proceeding. On April 5, 2016, APR OpCo and APR AssetCo appealed the First Instance Decision to the Court of Appeal, Supreme Court of New South Wales, Australia with proceeding number 56721 of 2016 (the "**Australian appeal**").[7] The Australian appeal was heard on September 23, 2016 and judgment was reserved.

---

[7]     General Electric has taken no active part in the appeal of the First Instance Decision. It filed a consenting appearance, agreeing to be bound by any decision of the Court of Appeal.

**4.** **Texas Proceeding**

32.     On July 12, 2016, contrary to the IAD, APR filed another lawsuit against the Debtor, this time in the District Court of Harris County, Texas ("**Texas Court**").  This suit (the "**Texas Case**") again seeks a declaration that the APR Parties – and not Forge Power – own the Turbines. Initially, Forge Power did not respond to the Original Petition, and on September 20, 2016, APR filed a Motion for Default, which was granted on October 11, 2016.  On November 3, 2016, the Texas Court also entered an Order and Partial Judgment on APR's Motion for Entry of Final Default Judgment as to Liability Only.  The Texas Court ordered that the transfers to Forge Power of the Turbines were avoided in accordance with the Texas Uniform Fraudulent Transfer Act ("**TUFTA**"). On November 18, 2016, APR filed a Motion for Entry of Final Judgment, which would, among other things, impose a constructive trust over the Turbines, the LOC, or any proceeds thereof.

33.     On December 2, 2016, Forge Power filed a special appearance to request that the Texas Court dismiss APR's claims against the Debtor for lack of personal jurisdiction and a motion for continuance of the Texas Court's entry of a final judgment pending its determination of the Debtor's special appearance.  On December 9, 2016, the Texas Court granted the Debtor's motion for continuance, and scheduled a hearing on Forge Power's special appearance for January 6, 2017. The Texas Court indicated that, subject to its ruling on Forge Power's special appearance, it could enter a final judgment in favor of APR as soon as January 9, 2017.

34.     If the Texas Court were to grant APR's Motion for Entry of Final Judgment, including its request for the constructive trust, the entry of a final judgment would result in an immediate conflict between the First Instance Decision in the Australian PPSA Litigation.

**STATUTORY BASIS FOR RELIEF REQUESTED**

35.     As set forth fully in the Memorandum of Law, chapter 15 of the Bankruptcy Code was specifically designed to assist a foreign representative, such as the Petitioner, in the performance of

15

its duties.  One of chapter 15's express objectives is the "fair and efficient administration of cross-border insolvencies that protects the interests of all creditors, and other interested entities, including the debtor."  11 U.S.C. § 1501(a)(3).  Here, granting recognition to the Australian Proceeding is necessary to ensure an orderly administration of the Debtor's financial affairs by the Petitioner and to maximize the value to be distributed to all creditors and parties in interest.  Without recognition, there is nothing to prevent APR and other creditors in the United States from continuing or commencing enforcement actions against the Debtor's assets.  This would entirely undermine and defeat the very purpose of the liquidation process in Australia.  It would, moreover, be unfair and contrary to the policies underlying chapter 15 for any creditors to unilaterally pursue remedies in the United States that advantage them over similarly-situated creditors in Australia that are complying with Australia law.

36.  The chapter 15 Petition satisfies all of the requirements set forth in Section 1515 of the Bankruptcy Code.  Moreover, the relief requested by the Petitioner is well within the scope of chapter 15 of the Bankruptcy Code, which authorizes this Court to: (i) recognize a "foreign proceeding" upon the proper commencement of a case under chapter 15 by a "foreign representative;" and (ii) grant assistance in the United States to such foreign representative in connection with the foreign proceeding.  Further, the relief requested herein is necessary and appropriate under chapter 15 of the Bankruptcy Code and is consistent with the goals of international cooperation and assistance to foreign courts, embodied in chapter 15 of the Bankruptcy Code.

**RELIEF REQUESTED**

37.  The Petitioner, as the foreign representative of the Debtor, seeks entry of the Proposed Chapter 15 Order granting the following relief:

(a)  recognition of the Australian Proceeding as a "foreign main proceeding," as defined in Section 1502(4) of the Bankruptcy Code; and

(b)  all relief afforded a foreign main proceeding automatically upon recognition pursuant

16

to section 1520 of the Bankruptcy Code, as of right if the Australian Proceeding is recognized as a foreign main proceeding, including section 362 of the Bankruptcy Code.

38.     In addition, the Proposed Chapter 15 Order provides further additional relief, as authorized by section 1521 of the Bankruptcy Code, including, among other things, that:

(i)      all prior relief granted to the Debtor or the Petitioner by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended, and the Provisional Relief Order shall remain in full force and effect, notwithstanding anything to the contrary contained therein; and

(ii)     the Petitioner is awarded such other and further relief as this Court may deem just and proper.

### NOTICE

39.     Notice of the Verified Petition will be provided, and a copy of this Motion has been served, upon: (i) the United States Trustee for the Northern District of California; (ii) the Debtor; (iii) all persons or bodies authorized to administer foreign proceeding of the Debtor; (iv) all parties to litigation pending in the United States in which the Debtor is a party at the time of the filing of Debtor's Verified Petition; (v) all entities against whom provisional relief is being sought pursuant to § 1519 of the Bankruptcy Code; (vi) all parties that file a notice of appearance in this case; and (vii) other parties that the Court may direct.

*[Remainder of page intentionally left in blank]*

17

Case: 17-30008   Doc# 1   Filed: 01/03/17   Entered: 01/03/17 16:03:30   Page 20 of 34

**CONCLUSION**

WHEREFORE, for the reasons set forth herein and in the accompanying Memorandum of Law, the Jones Declaration, and the Kucharski Declaration, the Petitioner respectfully requests that this Court, after notice and a hearing, (i) grant the relief requested; (ii) enter an order substantially in the form attached hereto as Exhibit A; and (iii) grant such further relief as may be just and proper.

DATED: January 3, 2017

Leib M. Lerner
Jeffrey E. Tsai

**ALSTON & BIRD LLP**

*/s/ Leib M. Lerner*
Leib M. Lerner

Attorneys for the Petitioner

18

Leib M. Lerner (CA State Bar No. 227323)
Jeffrey E. Tsai (CA State Bar No. 226081)
**ALSTON & BIRD LLP**
1950 University Avenue, 5th Floor
East Palo Alto, CA 94303-2282
Telephone: (650) 838-2000
leib.lerner@alston.com
jeff.tsai@alston.com

**AND**

Aaron Javian (*Pro hac vice* to be requested)
Adam S. Lurie (*Pro hac vice* to be requested)
**LINKLATERS LLP**
1345 Avenue of the Americas
New York, NY 10105
Telephone: (212) 424-9000
aaron.javian@linklaters.com
adam.lurie@linklaters.com

Attorneys for the Petitioner

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: |
| Forge Group Power Pty Ltd. (in liquidation) (receivers and managers appointed), | Chapter 15 |
| Debtor in a Foreign Proceeding | **VERIFICATION** |

Pursuant to 28 U.S.C. § 1746, Martin Jones hereby declares as follows under penalty of perjury:

VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF

1.  I am the duly authorized liquidator of Forge Group Power Pty Ltd. and am duly authorized to commence and act in this Chapter 15 case and make this Petition.

2.  I have read the foregoing Petition and believe that the factual allegations contained therein are true and accurate to the best of my knowledge, information, and belief.

3.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: Perth, Australia
        January 03, 2017

_____
Martin Jones, as Liquidator of Forge Group
Power Pty Ltd. (in liquidation) (receivers and
managers appointed)

1  Leib M. Lerner (CA State Bar No. 227323)
   Jeffrey E. Tsai (CA State Bar No. 226081)
2  **ALSTON & BIRD LLP**
   1950 University Avenue, 5th Floor
3  East Palo Alto, CA 94303-2282
   Telephone: (650) 838-2000
4  leib.lerner@alston.com
   jeff.tsai@alston.com
5
6  **AND**
7  Aaron Javian (*Pro hac vice* to be requested)
   Adam S. Lurie (*Pro hac vice* to be requested)
8  **LINKLATERS LLP**
   1345 Avenue of the Americas
9  New York, NY 10105
   Telephone: (212) 424-9000
10 aaron.javian@linklaters.com
   adam.lurie@linklaters.com
11
12 Attorneys for the Petitioner
13         **UNITED STATES BANKRUPTCY COURT**
14         **NORTHERN DISTRICT OF CALIFORNIA**
15 In re:                                    Case No.:
16 Forge Group Power Pty Ltd. (in liquidation)   Chapter 15
17 (receivers and managers appointed),
18           Debtor in a Foreign Proceeding.   **STATEMENT PURSUANT TO 11 U.S.C. § 1515(c) AND BANKRUPTCY RULE 1007(a)(4)**
19
20
21
22
23
24
25
26     Mr. Martin Jones, in his capacity as liquidator (the "**Liquidator**" or "**Petitioner**") and
27 foreign representative of Forge Group Power Pty Ltd. (in liquidation) (receivers and managers
28

VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF

appointed) ("**Forge Power**" or the "**Debtor**"), a company in liquidation under Australian Law (the "**Australian Proceeding**"), by and through counsel, hereby files this statement in accordance with section 1515(c) of Title 11 of the United States Code and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and states as follows:

## I.     Corporate Ownership Statement

Forge Group Ltd directly owns 100% of the Debtor.

## II.     Administrators in Foreign Proceeding

Martin Jones, in his capacity as Liquidator, is authorized to administer the Australian Proceeding. His address is Martin Jones, as Liquidator of Forge Group Power Pty Ltd, Ferrier Hodgson, Level 28, 108 St Georges Terrace, Perth, WA 6000, Australia. No other persons or bodies are authorized to administer the Australian Proceeding.

## III.     Identification of Foreign Proceedings

Other than the Australian Proceeding, there are no other foreign proceedings pending with respect to the Debtor.

## IV.     Parties to Litigation Pending in the United States

There is one litigation currently pending in the United States in which the Debtor is a party: *APR Energy Holdings Ltd v. Forge Group Power Pty Ltd*, No. 2016-46548 (Tex. July 12, 2016) pending in the District Court for the 269th Judicial District in Harris County, Texas. Aside from the Debtor, the only other party to that proceeding is APR Energy Holdings ("**APR**"). APR's address is 3600 Port Jacksonville Pkwy, Jacksonville, FL 32226.

## V. Entities Against Whom Provisional Relief is Sought

The Debtor is seeking provisional relief pursuant to section 1519 of the Bankruptcy Code against APR.[8]

DATED: January 3, 2017

Leib M. Lerner
Jeffrey E. Tsai

**ALSTON & BIRD LLP**

*/s/ Leib M. Lerner*
Leib M. Lerner

Attorneys for the Petitioner

---

[8] The Debtor reserves its right to seek provisional relief against other parties should the need arise. If the Petitioner does seek such provisional relief in the future, the Debtor will file a list of all such parties against whom it is seeking such relief at that time.

1  Leib M. Lerner (CA State Bar No. 227323)
   Jeffrey E. Tsai (CA State Bar No. 226081)
2  **ALSTON & BIRD LLP**
   1950 University Avenue, 5th Floor
3  East Palo Alto, CA 94303-2282
   Telephone: (650) 838-2000
4  leib.lerner@alston.com
   jeff.tsai@alston.com
5
   **AND**
6
   Aaron Javian (*Pro hac vice* to be requested)
7  Adam S. Lurie (*Pro hac vice* to be requested)
8  **LINKLATERS LLP**
   1345 Avenue of the Americas
9  New York, NY 10105
   Telephone: (212) 424-9000
10 aaron.javian@linklaters.com
   adam.lurie@linklaters.com
11
12 Attorneys for the Petitioner

13              **UNITED STATES BANKRUPTCY COURT**

14              **NORTHERN DISTRICT OF CALIFORNIA**

15 In re:                               | Case No.:

16 Forge Group Power Pty Ltd. (in liquidation)   | Chapter 15
   (receivers and managers appointed),
17
                  Debtor in a Foreign Proceeding.  | **LIST OF ITEMS PURSUANT TO ITEM 8
18                                                  OF CHAPTER 15 PETITION FOR
                                                    RECOGNITION OF A FOREIGN
19                                                  PROCEEDING**

20

21

22

23

24        Mr. Martin Jones, in his capacity as liquidator (the "**Liquidator**" or the "**Petitioner**") and

25 foreign representative of Forge Group Power Pty Ltd. (in liquidation) (receivers and managers

26 appointed) ("**Forge Power**" or the "**Debtor**"), a company in liquidation under Australian Law (the

27 "**Australian Proceeding**"), by and through counsel, hereby files this statement in accordance with

28

VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF

Item 8 of the Chapter 15 Petition for Recognition of a Foreign Proceeding and states as follows:

## I.   Administrators in Foreign Proceeding

Martin Jones, in his capacity as Liquidator, is authorized to administer the Australian Proceeding.  His address is Martin Jones, as Liquidator of Forge Group Power Pty Ltd, Ferrier Hodgson, Level 28, 108 St Georges Terrace, Perth, WA 6000, Australia.  No other persons or bodies are authorized to administer the Australian Proceeding.

## II.   Parties to Litigation Pending in the United States

There is one litigation currently pending in the United States in which the Debtor is a party: *APR Energy Holdings Ltd v. Forge Group Power Pty Ltd*, No. 2016-46548 (Tex.  July 12, 2016) pending in the District Court for the 269th Judicial District in Harris County, Texas.  Aside from the Debtor, the only other party to that proceeding is APR Energy Holdings ("**APR**").  APR's address is 3600 Port Jacksonville Pkwy, Jacksonville, FL 32226.

## III.   Entities Against Whom Provisional Relief is Sought

The Debtor is seeking provisional relief pursuant to section 1519 of the Bankruptcy Code against APR.[9]

DATED:  January 3, 2017

Leib M. Lerner
Jeffrey E. Tsai

**ALSTON & BIRD LLP**

*/s/ Leib M. Lerner*
Leib M. Lerner

Attorneys for the Petitioner

---

[9]    The Debtor reserves its right to seek provisional relief against other parties should the need arise.  If the Petitioner does seek such provisional relief in the future, the Debtor will file a list of all such parties against whom it is seeking such relief at that time.

**EXHIBIT A**

**Proposed Form of Recognition Order**

1  Leib M. Lerner (CA State Bar No. 227323)
   Jeffrey E. Tsai (CA State Bar No. 226081)
2  **ALSTON & BIRD LLP**
3  1950 University Avenue, 5th Floor
   East Palo Alto, CA 94303-2282
4  Telephone: (650) 838-2000
   leib.lerner@alston.com
5  jeff.tsai@alston.com

6  **AND**

7  Aaron Javian (*Pro hac vice* to be requested)
   Adam S. Lurie (*Pro hac vice* to be requested)
8  **LINKLATERS LLP**
9  1345 Avenue of the Americas
   New York, NY 10105
10 Telephone: (212) 424-9000
   aaron.javian@linklaters.com
11 adam.lurie@linklaters.com

12 Attorneys for the Petitioner

13             **UNITED STATES BANKRUPTCY COURT**

14            **NORTHERN DISTRICT OF CALIFORNIA**

15 In re:                              | Case No.:

16 Forge Group Power Pty Ltd. (in liquidation) | Chapter 15
17 (receivers and managers appointed),

18         Debtor in a Foreign Proceeding

19                                      **ORDER GRANTING
                                        RECOGNITION OF FOREIGN
20                                      PROCEEDINGS AND RELATED
                                        RELIEF**

21

22

23

24         This matter came before the Court upon the verified petition of Martin Jones, in his

25 capacity as liquidator (the "**Liquidator**" or the "**Petitioner**") and foreign representative of Forge

26 Group Power Pty Ltd. (in liquidation) (receivers and managers appointed) ("Forge Power" or the

27 "**Debtor**"), seeking recognition of a foreign main proceeding and related relief.  The Court has

28 reviewed and considered, among other things, the (i) the Declaration of Martin Jones in support of

(I) Verified Petition Under Chapter 15 for Recognition of Foreign Proceeding and Related Relief, and (II) Foreign Representative's Emergency Motion for Entry of Provisional Relief Under 11 U.S.C. §§ 105, 1519 and 1521 in Aid of Australian Foreign Proceeding; (ii) the Declaration of Przemslaw Kucharski as to Matters of Australian Law in support of (I) Verified Petition Under Chapter 15 for Recognition of Foreign Proceeding and Related Relief, and (II) Foreign Representative's Emergency Motion for Entry of Provisional Relief Under 11 U.S.C. §§ 105, 1519 and 1521 in Aid of Australian Foreign Proceeding; and (iii) the Memorandum of Law in Support of the Verified Petition Under Chapter 15 of the Bankruptcy Code for Recognition of an Australian Liquidation Proceeding, and Related Relief. Based on the foregoing and for the reasons described in the Opinion of the same date, the Court finds as follows:

a. This Court has jurisdiction over this matter under U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P). Venue is proper under 28 U.S.C. § 1410;

b. The Petitioner was appointed to act as administrator and foreign representative of the Debtor within the meaning of §§ 101(24) and 1517(a)(2) of the Bankruptcy Code;

c. This chapter 15 case was properly commenced pursuant to §§ 1504 and 1515 of the Bankruptcy Code;

d. The chapter 15 Petition satisfies the requirement of § 1515 of the Bankruptcy Code;

e. The Australian Proceeding is a foreign proceeding within the meaning of § 101(23) of the Bankruptcy Code and is entitled to recognition as a foreign proceeding by this Court pursuant to §§ 1515 and 1517(a) of the Bankruptcy Code;

f. The Australian Proceeding is entitled to recognition as a foreign main proceeding pursuant to §§ 1502(4) and 1517(b)(l) of the Bankruptcy Code because the Debtor has its center of main interests in Australia; and

g. Recognition of the Australian Proceeding as a foreign main proceeding is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and will not cause hardship to plaintiffs in litigation against the Debtor,

or any other parties-in-interest, that is not outweighed by the benefits of granting the relief set forth herein;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Australian Proceeding is granted recognition under § 1517(a) of the Bankruptcy Code and recognized as a foreign main proceeding under § 1517(b)(1).

2. The Debtor shall have all relief afforded foreign main proceedings pursuant to § 1520 of the Bankruptcy Code.

3. All persons and entities are hereby enjoined from:

    a. Commencing or continuing any action or legal proceeding (including, without limitation, the proceeding captioned *APR Energy Holdings Ltd. v. Forge Group Power Pty Ltd.*, No. 2016-46548 (Tex. July 12, 2016), pending in the District Court for the 269th Judicial District in Harris County, Texas, any arbitration, mediation or any other judicial, quasi-judicial, administrative action, proceeding or process whatsoever), including by way of counterclaim, against the Debtor or the Debtor's property or assets in the United States, or any proceeds thereof, including seeking the entry of any judgment;

    b. Enforcing, against the Debtor or the Debtor's property or assets in the United States, a judicial, quasi-judicial, administrative judgment, assessment or order, or arbitration award against the Debtor or the Debtor's property or assets in the United States, or any proceeds thereof;

    c. Taking any action to obtain possession of the Debtor's property or assets in the United States or to exercise control over the Debtor's property or assets in the United States, except as otherwise expressly authorized by the Petitioner in writing;

    d. Taking any action to create, perfect or enforce any lien against the Debtor's property or assets in the United States;

e.    Taking any action to collect, assess, enforce or recover a claim against the Debtor in the United States or in respect of the Debtor's property or assets in the United States (including, without limitation, any action in respect of or in furtherance of the Texas Case); or

f.    Seizing, repossessing, transferring, relinquishing, encumbering or otherwise disposing of any property or assets of the Debtor in the United States, or the proceeds thereof.

4.    Nothing herein shall enjoin a police or regulatory act of a governmental unit or limit or otherwise impair the rights and powers of the Receivers (as defined in the Verified Petition) with respect to the Debtor or their assets wherever located (whether inside or outside the United States), or in connection with the receivership or any other proceedings related to the Debtor.

5.    The Petitioner, the Debtor, and each of their respective successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in section 1510 of the Bankruptcy Code.

6.    The Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests relief in the chapter 15 case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of the Court.

7.    This order shall be served by United States mail, first class postage prepaid, on or before [●], 2017 upon the master service list, which service is in accordance with this order and shall be deemed good and sufficient service and adequate notice for all purposes.

* * * END OF ORDER * * *

COURT SERVICE LIST

Forge Group Power Pty Ltd (Debtor)
c/o Ferrier Hodgson
Level 28
108 St Georges Terrace
Perth, WA 6000
Australia

Martin Jones
c/o Ferrier Hodgson
Level 28
108 St Georges Terrace
Perth, WA 6000
Australia

Mark Mentha
Scott Langdon
KordaMentha
Level 10
40 St Georges Terrace
Perth 6000
Western Australia, Australia

APR Energy Holdings Ltd
c/o Shutts & Bowen LLP
Todd M. Feldman
Harold E. Patricoff
200 S. Biscayne Boulevard
Suite 4100
Miami, FL 33131

Benjamin See
APR Energy Holdings Ltd
3600 Port Jacksonville Pkwy
Jacksonville, FL 32226

Office of the United States Trustee
450 Golden Gate Avenue, 5th Floor, Suite #05-0153
San Francisco, CA 94102